IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| ANTHONY GENO MARTINSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 124-222 |
| | ) | |
| SHERIFF WHITTLE and RICHMOND COUNTY SHERIFF'S OFFICE, | ) | |
| | ) | |
| Respondents. | ) | |

_____

**O R D E R**

_____

Petitioner, detained at the Columbia County Detention Center in Appling, Georgia, is awaiting trial for deposit account fraud charges indicted under Georgia law. (Doc. no. 1, p. 1; State v. Martinson, Case No. 2024CR1293 (Columbia Cnty. Sup. Ct. Oct. 24, 2024), *available at* https://www.columbiaclerkofcourt.com (select "I Agree"; follow "Criminal Search" hyperlink; then search "Martinson, Anthony Geno" last visited Dec. 12, 2024); Exhibit hereto (not guilty plea filed Dec. 11, 2024); see also United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994) (explaining a court may take judicial notice of another court's records to establish existence of ongoing litigation and related filings). Although Petitioner filed the above-captioned petition for a writ of habeas corpus on a form indicating he is challenging his state pretrial detention pursuant to 28 U.S.C. § 2241, examination of the information in the petition shows Petitioner is actually challenging a judgment of conviction entered Charlotte County, Florida Circuit Court, which is located in the Middle District of

Florida.  (Doc. no. 1, p. 1; see United States v. Russell, 994 F.3d 1230, 1240 & n.9 (11th Cir. 2021) (recognizing Court's obligation to "look beyond the label of a *pro se* inmate's motion to determine if it is cognizable under a different statutory framework: and, if so, recharacterize the motion based on the substance of the filing and the relief sought" (internal citations and quotation marks omitted)).[1]

Petitioner acknowledges he is awaiting trial based on the indictment brought against him under Georgia law.  (Id. at 5-6.)  However, Petitioner asserts he is challenging the Florida conviction now because it has resulted in a custody hold via a writ of capias for a probation violation flowing from his challenged Florida conviction; that Florida warrant provides a separate basis for holding him should the charges resolve in his favor in Georgia and/or should he complete any sentence imposed in Georgia.  (See id. at 5-6, 8.)  His requested relief is a declaration the Florida warrant against him is invalid and release from custody "upon completion of all other obligations, outside of the Florida warrant."  (Id. at 8.) Although the writ of capias has issued from Florida, Petitioner does not report any extradition proceedings have been started against him.  Thus, although Petitioner is a pretrial detainee under Georgia law, the request for habeas corpus relief is properly considered under 28 U.S.C. § 2254 because the conviction which he is challenging  - and which would result in his continued detention even if there were no Georgia charges - was entered pursuant to "the judgment of a State court" in Charlotte County, Florida.  See Medberry v. Crosby, 351 F.3d 1049, 1059-60 (11th Cir. 2003) (explaining difference between § 2241 and § 2254

---

[1]The Court leaves to the receiving jurisdiction to consider whether re-characterization warnings under Castro v. United States, 540 U.S. 375, 381-83 (2003), are warranted under the current circumstances.

habeas corpus petition depends on whether custody is pretrial or pursuant to state court judgment); see also Owl Feather-Gorbey v. Clarke, No. 2:20cv270, 2021 WL 1085451, at *1-3 (E.D. Va. Jan. 27, 2021) (using § 2254 petition to challenge writ of capias from issuing jurisdiction seeking return of prisoner for alleged probation violation where prisoner incarcerated in different jurisdiction for charges unrelated to charges in capias-issuing jurisdiction), *adopted by* 2021 WL 1082478, at *1 (E.D. Va. Mar. 19, 2021).

It is the practice of this Court to transfer an action attacking a conviction to the District in which the original criminal proceedings were conducted.  See 28 U.S.C. § 2241(d).  Therefore, the Court **ORDERS** the transfer of this action to the United States District Court for the Middle District of Florida, Fort Myers Division, for further consideration.[2]  The Court **DIRECTS** the Clerk to immediately forward the file to that District.

SO ORDERED this 12th day of December, 2024, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2]For Petitioner's information, the mailing address for the Fort Myers Division of the Middle District of Florida is:  2110 First Street, Fort Myers, Florida 33901.